FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DRANOEL ENAJ BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>BREANNA ALEXI, KEVIN BOVENKAMP, OFFICER CRUZ, PATIENT SERVICES REP T. CARLSON,<br><br>        Defendants. | 4:17-cv-05180-SAB<br><br>**ORDER DISMISSING ACTION**<br><br>1915(g) |

      BEFORE THE COURT is Plaintiff's unsigned Second Amended Complaint, ECF No. 22. Plaintiff, a prisoner at the Coyote Ridge Corrections Center ("CRCC"), is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

      On April 25, 2018, Plaintiff was notified that he needed to sign his Second Amended Complaint and was provided a signature page to sign and return. He did not comply with this directive. Accordingly, under Rule 11(a), Federal Rules of Civil Procedure, it is required that the Second Amended Complaint be stricken.

      Although granted numerous opportunities to do so, Plaintiff has failed to

ORDER DISMISSING ACTION -- 1

amend his complaint to state a claim upon which relief may be granted against named Defendants. Even if the Second Amended Complaint was signed, it still failed to state cognizable claims.

Plaintiff wanted an orthopedic consult and surgery to enable him to walk. Although he complains of "excruciating pain," he makes no assertion that he sought non-surgical pain relief from identified Defendants and was refused.

Plaintiff has alleged no facts from which the Court could infer that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk" to Plaintiff's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Although granted the opportunity to amend his complaint, Plaintiff has failed to present allegations that are sufficient to state an Eighth Amendment claim upon which relief may be granted.

In addition, his complaints that he was taken to "the hole" on two occasions for refusing to stand, when Plaintiff admits that he did not have a valid Health Status Report (HSR) prohibiting him from standing on either occasion, did not state cognizable claims of deliberate indifference to a serious medical need.

Plaintiff's bald assertions also will not support a claim that he was excluded from services because of his disability under the Americans with Disabilities Act ("ADA"). The ADA prohibits discrimination because of disability, not inadequate treatment for disability. *Simmons v. Navajo County*, 609 F.3d 1011, 1021–22 (9th Cir. 2010). The treatment or lack of medical treatment for Plaintiff's condition does not provide a basis upon which to impose liability. *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims). Furthermore, the proper defendant in an ADA action is a "public entity" and not individual employees of that entity. *See Vinson v. Thomas,* 288 F.3d 1145, 1155 (9th Cir. 2002).

Liberally construing Plaintiff's allegations in the light most favorable to him,

ORDER DISMISSING ACTION -- 2

and taking all factual allegations as true, the Court finds that he has failed to state a claim upon which relief may be granted. Therefore, **IT IS ORDERED** the Second Amended Complaint, ECF No. 21, is **STRICKEN** and this action is **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and close the file. The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 28th day of June 2018.



Stanley A. Bastian
United States District Judge

ORDER DISMISSING ACTION -- 3